**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRUCE GRANT BONAVENTURE,**

       **Plaintiff,**

-vs-                                          Case No. 6:09-cv-1324-Orl-31DAB

**AURORA LOAN SERVICES, LLC;
FASLO SOLUTIONS, LLC; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, INC.; LEHMAN BROTHERS
HOLDING CORPORATION, INC.;
LEHMAN BROTHERS BANK, FSB; CT
CORPORATION SYSTEM, INC.; JOHN
COPELAND; and DONNA MOCH;**

       **Defendants.**

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 24) and memorandum in support (Doc. 25) filed by Defendants Aurora Loan Services, LLC ("Aurora"), Lehman Brothers Bank, FSB ("Lehman"), and Mortgage Electronic Registration System, Inc. ("MERS") (collectively, the "Movants"), and the response (Doc. 28) and memorandum in support (Doc. 29) filed by the Plaintiff, Bruce Grant Bonaventure ("Bonaventure").

Bonaventure, who is proceeding *pro se*, filed the instant suit on August 3, 2009 and filed his four-count Amended Complaint (Doc. 23) on January 5, 2010. Bonaventure is also a defendant in a state court foreclosure suit and has filed a petition in bankruptcy. The Movants suggest that the instant case involves many of the same issues that were raised, or should have been raised, in the state court proceedings, in which the trial court has already ruled against

Bonaventure.[1] In these proceedings, the Movants contend that Bonaventure has failed to state a claim for relief, and they seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

In his Amended Complaint, Bonaventure asserts that the case involves claims for breach of contract; tortious interference under RESPA; violations of HOEPA, Reg. Z, TILA, and the Fair Debt Collection Practices Act; gross negligence; abuse of process; fraud; and conspiracy. (Doc. 23 at 3). It is not clear which claims Bonaventure intends to assert against which defendants. After review of the entire Amended Complaint, the Court finds that Bonaventure has failed to state a claim as to any of these causes of action as to any of the Movants.

Charitably construed, the allegations set forth by Bonaventure in the Amended Complaint as to the Movants are as follows: In Count I, Bonaventure contends that Aurora (1) as "preparer" of some unidentified contract, somehow changed that contract without Bonaventure's knowledge; (2) in connection with the Fair Debt Collection Practices Act, could not produce the original of some unidentified promissory note, or a true copy, despite a demand to do so, presumably from Bonaventure; (3) wrongfully used "trade secrets" as a defense to deny Bonaventure certain information, including information about "formation of improper trusteeship, and free of mortgage/promissory note improperly representing a different monthly mortgage payment"; (4) violated the "laws and covenants" of Defendant MERS by filing an action to re-establish a lost

---

[1] Because those proceedings are on appeal (Doc. 25 at 6), the *Rooker-Feldman* doctrine and *res judicata* are not applicable.

[2] Initially, the Movants also sought dismissal pursuant to Rule 12(b)(5) on the grounds that Bonaventure had not achieved proper service of process. However, after filing the instant motion, the filed waivers of service (Doc. 32-34), mooting that argument.

note; (5) somehow misrepresented a 'Service List' to delay discovery; (6) improperly sold certain mortgage servicing rights; (7) fraudulently filed a false affidavit, resulting in the entry of summary judgment of foreclosure; and (8) committed fraud and conspired with MERS, CT and Faslo to wrongfully take Bonaventure's homestead. (Doc. 23 at 4-7).

Count II is asserted solely against Faslo (aside from a reiteration of the claim that Aurora, MERS, and CT wrongfully sought to take Bonaventure's homestead). (Doc. 23 at 9). In Count III, Bonaventure asserts that MERS conspired with Aurora to misrepresent, on a service list throughout some other proceedings – presumably the state court proceedings – that CT was its registered agent, resulting in the entry of judgment.[3] (Doc. 23 at 10-11). In Count IV, Bonaventure contends that (1) a representative of MERS, John Copeland, received/acknowledged valid service, at a phantom Post Office box, "where free of mortgage misrepresents a Michigan address"; (2) that MERS did not timely satisfy a loan or loans involving another lender, IndyMac, before entering Bonaventure's current mortgages, creating (or resulting in) a "broken chain of title"; (3) that MERS hides fraudulent transfers, double recording, changing of beneficiaries and missing trust assets for its members, Aurora, Faslo, IndyMac, and Lehman; (4) that MERS protects Aurora and Faslo from records disclosure, and that Bonaventure's "foreclosure proceeds" could be electronically transferred offshore; and (5) Aurora (in some unexplained fashion) improperly designated MERS as a lienholder, although MERS was supposed to act solely as a

---

[3]In the final paragraph of this count, Bonaventure also contends without further explanation that CT took "conspiratorial actions," that a fraud had been perpetrated on him by all Defendants, and that unjust enrichment had occurred. (Doc. 23 at 11).

nominee, and MERS (in some unexplained fashion) used off-balance sheet accounting to maintain the deception.[4]

As the Movants point out (Doc. 25 at 15-21), to the extent that Bonaventure's vague allegations can be deciphered, they fail to state a claim for any of the causes of action listed in the Amended Complaint. In his response, Bonaventure makes no effort to show that his pleading satisfies the applicable rules of civil procedure or states a valid claim. Instead, he reiterates the allegations from the Amended Complaint and adds many new ones. After going over each of the counts in detail, and carefully reviewing Bonaventure's response to the motion to dismiss, the Court finds that none of them state a valid claim for breach of contract, or tortious interference, or violations of RESPA, HOEPA, Reg. Z, TILA, or the Fair Debt Collection Practices Act, or gross negligence, or abuse of process, or fraud, or conspiracy. Accordingly, Counts I, III, and IV are hereby **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 9, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] Bonaventure asserts in the same paragraph that "[t]he trusts had no evidence of ownership because not in receipt of promissory notes, violating real estate law and commerce." (Doc. 23 at 12). Bonaventure does not identify the trusts, explain why they needed evidence of ownership, or describe how this violated real estate law, or any other law.